[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Laarni R. Ring, age 32, whose maiden name was Laarni Role Villadolid and the plaintiff, Brian W. Ring, age 28, were married at New Milford, Connecticut on April 20, 1996. At the time of the marriage, the defendant was pregnant and a child, Neil Anthony Ring was born September 7, 1996. The parties have stipulated that the marriage has broken down irretrievably, the defendant having abruptly vacated the parties rental property on June 6, 1996 without cause.
The defendant presently resides in Southbury, Connecticut, but is anticipating a move to Florida to continue her employment with Sikorsky Aircraft. This move will require an adjustment in the visitation schedule regarding the minor child who resides with his mother. The parties have reached an agreement regarding custody, visitation and support.
Prior to the marriage, the plaintiff paid a security deposit on an apartment of $650.00. In view of the separation of the parties, the property was vacated but the security deposit was returned to the defendant since the rental was in her name. This sum is ordered returned to the plaintiff. CT Page 6420
Both the plaintiff and the defendant are college graduates. Mr. Ring is an engineer earning $882.00 per week and has Mrs. Ring $1,052.00. Both appear to be in good health and therefore no alimony is indicated. The plaintiff has savings of $18,000.00 and a 401K plan valued at $17,696.00. The defendant has bank accounts of $1,500.00 and a 401K plan valued at $50,000.00. Each shall be entitled to retain all their own liquid assets.
After the parties separated there was little if any communication between the parties. Although the plaintiff knew that his wife was pregnant, he was not informed of his son's birth and learned of it only through outside sources. Visitation was excluded and initially the plaintiff questioned the paternity of the child which was later resolved by DNA testing. There are $687.93 unresolved expenses connected to the child which the parties should share equally.
Based upon the evidence, a stipulation of the parties and the provisions of General Statute § 46b-61, the court finds that the marriage has broken down irretrievably and that the following orders shall enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Joint legal custody of the minor child, Neil Ring, with the Defendant as the residential custodial parent. In all matters of substance concerning the minor child the parties shall attempt to reach a mutually agreeable decision. In the event of the failure to reach a mutually agreeable decision, after good faith attempt, the Defendant's decision shall prevail. Issues associated with changes in the visitation schedule, if not agreed upon, shall be referred to a mediator for resolution.
The parties shall provide each other with the name, address and telephone number of all care givers, schools and health care providers for the minor child.
Each party shall be required to provide the other with thirty (30) days advance written notice of any change in their residence. Neither party shall take nor permit the minor child to be taken outside of the United States for a period of more than two (2) weeks without the prior written consent of the other parent. CT Page 6421
3. A. For so long as the minor child shall reside in Connecticut, the plaintiff shall have visitation each week commencing on Friday at 5:30 p. m. with the child returning to the defendant's resident by 8:00 a.m. on Sunday morning. The plaintiff shall be responsible for providing child safe transportation for visitation with the minor child.
B. Beginning in the summer of 1999, the plaintiff shall have three (3) weeks of visitation with the minor child. In year 2000, the plaintiff shall have 4 weeks visitation which shall be scheduled, three weeks during the summer months and one (1) week according to the vacation time available which must be provided to the Defendant no later than January 31, 2000. In year 2001, the plaintiff shall have six (6) weeks of visitation which shall be scheduled, five (5) weeks during the summer months and one (1) week according to the vacation time available which must be provided to the Defendant no later than January 31, 2001. In year 2002 and after, the plaintiff shall have seven (7) weeks of visitation scheduled during school vacations. The summer visitations shall be scheduled no earlier than one week after the dismissal of school for the summer vacation and no later than ten (10) days prior to the commencement of the new school year.
The plaintiff shall have visitation for six (6) days during the Christmas Holidays commencing on December 26th in alternating years beginning in 1999.
The parties shall provide each other with the name, address, and phone number of all care givers, schools, and health care providers for the minor child.
4. Child support payable by the plaintiff to the defendant shall be $125.00 per week based upon work related child care expenses of $200.00 per week. Each party to name the minor child as the irrevocable beneficiary of life insurance policies provided through their respective employers. The defendant shall be entitled to claim the tax exemption for the minor child.
The parties shall exchange tax returns in each year that child support is payable.
In the event that the defendant moves the residence of the child to Florida, or any other location of a comparable distance from Connecticut, there shall be a deviation from the child support amount of $126.00 to $115.00 to take into consideration CT Page 6422 the expenses of visitation.
5. The parties each shall maintain medical insurance for the minor child and shall share equally in all unreimbursed medical expenses which shall include medical, dental, orthodontia, psychological and ophthalmologic expenses.
All claims shall be first submitted to the insurance company of the Any balance not paid for by insurance shall be paid one-half by the plaintiff and one-half by the defendant.
All claims for reimbursement shall be submitted within thirty (30) days of the receipt of the bill. All checks for reimbursement received from insurance shall be sent to the payer of the bill within five (5) days of the receipt of the check.
6. The defendant shall pay to the plaintiff the sum of $650.00 for the security deposit for the apartment occupied by the defendant and the plaintiff, which was paid by the plaintiff but returned to the defendant by the management company as the lease was in the sole name of the defendant.
7. Total unreimbursed medical expenses for the minor child are $687.93. The plaintiff shall pay to the defendant one-half of that amount of $343.97.
8. Each party shall be solely responsible for the debts as listed on their respective financial affidavits. Each party to retain the assets as listed on their financial affidavit. Each party waives any claims each may have to the other's pension, 401K plan and/or any and all retirement fund in life or upon the death of either party.
9. Neither party shall receive alimony.
Judgment may enter accordingly,
WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE